# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|                                              |                                          |
|----------------------------------------------|------------------------------------------|
| UNITED STATES OF AMERICA,                    | Crim. Action No.: 3:16-cr-00398 (PGS)    |
| *Plaintiff*                                  |                                          |
| v.                                           | **MEMORANDUM AND ORDER**                 |
| EMMANUEL GONZALEZ,                           |                                          |
| *Defendant*.                                 |                                          |

THIS MATTER comes before the Court on Defendant Emmanuel Gonzalez' motions for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 56, 58.) Gonzalez, a prisoner serving a term of 120 months, argues that his immediate release is justified by his recent diagnosis of COVID-19 and also his anxiety, weight, and history of smoking, which put him at risk for severe illness from reinfection. The Court heard oral argument on February 10, 2021. For the reasons stated below, Gonzalez' motions are denied.

I.

By way of background, in 2016, Gonzalez, along with his cousin, traveled from New York to New Jersey to pick up a suitcase containing 22 kilograms of heroin. He was on parole at the time for a prior conviction. Gonzalez pled guilty to one count of conspiracy to distribute heroin contrary to 21 U.S.C. § 846 and 21 U.S.C. § 841. On December 20, 2016, this Court sentenced Gonzalez to 120 months imprisonment and five years of supervised release. (Judgment, ECF No. 55.)

Gonzalez is presently housed at Allenwood Medium FCI. His projected release date is November 16, 2024. Gonzalez tested positive for COVID-19 on November 23, 2020 and was asymptomatic. He was cleared from isolation on December 3, 2020. Presently, BOP reports that

there are 10 positive staff and 33 positive inmates at Allenwood FCI Medium; 16 recovered staff and 561 recovered inmates, and zero deaths. See Federal Bureau of Prisons, COVID-19 Coronavirus (last updated Jan. 26, 2021), *available at* https://www.bop.gov/coronavirus/.

On July 28, 2020, Gonzalez filed a pro se motion with the Court for compassionate release without having exhausted his administrative appeals. (ECF No. 56.)  However, once counsel was assigned, that issue was addressed, and presently the Government does not contest compliance with administrative exhaustion requirements. (Gov't Br. 5, n.5.)  On January 12, 2021, Defendant's counsel filed a supplemental motion before the Court. (ECF No. 58).

Gonzalez is overweight, has a history of smoking, and suffers from anxiety. Starting in March of 2018, Gonzalez' medical records show acute anxiety symptoms. He has been treated with Buspar, but currently takes Prozac. (Moving Br. 8.)

II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied.  Since the exhaustion requirement is conceded, a court may reduce an inmates' sentence if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist.  U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision.  In light of the COVID-19 pandemic, courts have often, but not always, deferred to the CDC's list of underlying medical conditions that increase

one's risk of severe illness from the virus.  *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020).  However, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release.  *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020).  Gonzalez has not shown that extraordinary and compelling reasons exist to warrant a sentence reduction. The CDC classifies smoking as a condition that puts people at an increased risk of severe illness from COVID-19. *See* People with Certain Medical Conditions (last updated Dec. 1, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Smoking is the only health concern that puts Gonzalez in the increased risk category delineated by the CDC; but many courts have failed to recognize it as an extraordinary reason.  Se*e United States v. Carlos Jackson*, Crim. No. 5-20018-01 (JWL), 2020 WL 5231317 (D. Kan. Sept. 2, 2020); *United States v. Andrew Stafford*, Crim. No. 16-336, 2020 WL 3893401, at *2 (JKB) (D. Md. July 10, 2020); *United States v. Leigh-James*, Crim. No. 15-188 (SRU), 2020 WL 4003566, at *8 (D. Conn. July 15, 2020); *United States v. Marsh*, Crim. No. 14-83, 2020 WL 3989580, at *2 (D. Vt. July 15, 2020). Gonzalez contracted COVID-19 earlier in the pandemic, and now he has a fear of being reinfected.  However, this is not an extraordinary or compelling reason for modifying his

3

sentence. As such, the Court finds that Gonzalez has not shown extraordinary and compelling reasons for modification of his sentence.

Alternatively, if extraordinary and compelling reasons had been shown, the result would not change. Gonzalez was incarcerated for distributing 22 kilograms of heroin while on parole. The nature of the crime is heinous, and the fact that he committed same while on parole shows that he did not rehabilitate. As such, the nature of the criminal activity and the need for general and specific deterrence outweigh any reasons to modify his sentence.

## ORDER

THIS MATTER having come before the Court on Defendant Emmanuel Gonzalez' Motions for Compassionate Release, (ECF Nos. 56, 58); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 1st day of March, 2021,

ORDERED that Defendant's motions for compassionate release, (ECF Nos. 56, 58), are DENIED.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.